UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARTHUR J. GALLAGHER RISK    )
MANAGEMENT SERVICES, INC.    )
                                )
        Plaintiff,    )
                                )
         v.           )   No. 4:08 CV 635 DDN
                                )
HAL E. KINSEY,         )
                                )
        Defendant.    )

**TEMPORARY RESTRAINING ORDER**

This action is before the court on the motion of plaintiff Arthur J. Gallagher Risk Management Services, Inc. (Gallagher), for a temporary restraining order. (Doc. 5.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 13.) A hearing was held on May 13, 2008, in which the plaintiff and the defendant, Hal E. Kinsey, each participated.[1]

Whether a preliminary injunction should issue depends on four factors: 1) the threat of irreparable harm to the moving party; 2) the state of the balance between the harm to the moving party and the harm that granting the injunction will inflict on the other parties; 3) the probability that the moving party will succeed on the merits; and 4) the public interest. Dataphase Sys. Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). No single factor is dispositive; all the factors must be considered when deciding whether to grant an injunction. Baker Elec., 28 F.3d at 1472. At the same time, "a party moving for a preliminary injunction is required to show the threat of irreparable harm." Id. The burden of establishing the propriety of injunctive relief rests with the moving party. Id.

---

[1]Because both parties participated in the hearing, the ten-day limitation for a temporary restraining order does not apply. See Kan. Hosp. Assoc. v. Whiteman, 835 F. Supp. 1548, 1551 (D. Kan. 1993); Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2951 (2007). As a result, the TRO may be viewed as a preliminary injunction. See Baker Elec. Co-op., Inc. v Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994).

In its complaint, Gallagher alleges that Kinsey was "cultivating relationships with certain clients and employees on behalf of Alliant [his current employer] while he was still employed by Gallagher . . . ." (Doc. 1 at ¶ 33.) The complaint also alleges that Kinsey has raided and will continue to raid the company of its employees, clients, and confidential information. (Doc. 1 at ¶ 32.) At the hearing, Gallagher stated that losing clients would subject it to an irreparable harm, for which there was no adequate remedy. At the hearing, Gallagher provided a list of twenty-three clients (twenty-three separate insureds), who were Kinsey's clients.[2]

Looking to the Dataphase factors, the court will grant the motion for a temporary restraining order. At the hearing, Gallagher stated that Team Health Group, Inc., Kinsey's largest client, had left Gallagher after Kinsey's departure. Gallagher also stated that it believed Americare Systems, Inc., another Kinsey client, was ready to leave Gallagher. The loss of clients can constitute an irreparable harm. See Conseco Fin. Servicing Corp. v. N. Am., No. 00 CV 1776, 2000 WL 33739340, at *9 (E.D. Mo. Dec. 6, 2000), aff'd, 24 F.App'x 655 (8th Cir. 2002); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Patinkin, No. 91 C 2324, 1991 WL 83163, at *6 (N.D. Ill. May 9, 1991) (finding that "Merrill Lynch suffers irreparable harm from the solicitation and loss of its clients, and that this is a harm for which there is no adequate legal remedy."). At this stage in the proceedings, the first factor favors Gallagher.

At this stage in the proceedings, the second factor also favors Gallagher. In section eight of his March 14, 2006 employment contract with Arthur J. Gallagher & Company[3] Kinsey agreed that he would not

> for a period of two (2) years following the termination of
> his employment for any reason whatsoever . . . directly or
> indirectly, solicit, place, market, accept, aid, counsel or

---

[2]The twenty-three clients are listed in Document 16.

[3]The parties dispute whether or not plaintiff Arthur J. Gallagher Risk Management Services, Inc. is the real party in interest to enforce the employment contract signed by defendant Kinsey and Arthur J. Gallagher & Company. This is an issue to be taken up in further proceedings.

consult in the renewal, discontinuance or replacement of any insurance (including self-insurance) by, or handle self-insurance programs, insurance claims, risk management services or insurance administrative or service functions for, any Corporation account for which he performed any of the foregoing functions during the two-year period immediately preceding such termination.

(Doc. 1 at 24-25.)

At the hearing, the parties noted that Alliant, Kinsey's current employer, may also have an employment contract with Kinsey prohibiting him from soliciting his former clients. Given the employment contract with Gallagher, and possibly a similar contract with Alliant, the injunction would not reach too far beyond conduct already prohibited.

At this stage in the proceedings, it is difficult to gauge Gallagher's likelihood of success on the merits. The parties dispute whether or not the employment contract at issue can be enforced, whether or not plaintiff is the real party in interest, and other matters. Also at this stage in the proceedings, it is difficult to determine the public interest. Thus, for determining whether or not to issue a temporary restraining order, these factors neither aid nor hurt the parties.

On balance, the Dataphase factors favor issuance of a temporary restraining order at this time.

For these reasons,

**IT IS HEREBY ORDERED THAT** the motion of plaintiff Arthur J. Gallagher Risk Management Services, Inc., for a temporary restraining order (Doc. 5) is sustained. Until further order, defendant Hal E. Kinsey shall follow strictly the restrictions of section eight of the March 14, 2006 employment contract with respect to the twenty-three clients listed in Document 16.

**IT IS FURTHER ORDERED THAT** plaintiff Arthur J. Gallagher Risk Management Services, Inc., shall post a bond with the Clerk of the Court in the amount of $25,000.00 not later than May 16, 2008, at 12:00 noon.

**IT IS FURTHER ORDERED THAT** a hearing on plaintiff's entitlement to a preliminary injunction is set for **June 19, 2008, at 9:00 a.m.**

/S/  David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

-3-

Signed on May 14, 2008 at 12:12 p.m.